IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CEDMONDRAY LEWIS                                                                    PETITIONER

VS.                                                         CIVIL ACTION NO.  3:17cv942-DPJ-FKB

BILLY SOLLIE                                                                         RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Cedmondray Lewis, a pretrial detainee in the custody of the Sheriff of Lauderdale County, Mississippi.  Respondent has filed a motion to dismiss, to which Lewis has failed to respond.  Having considered the motion, the undersigned recommends that the petition be dismissed.

Lewis was arrested on July 7, 2017, on three charges of drive-by shooting, three charges of conspiracy to commit murder, and three charges of attempted murder.  The next day, he appeared before the Circuit Court of Lauderdale County, which set bond in the amount of $30,000 for each of the nine charges.  Lewis was unable to post bond, and he remains in the Lauderdale County Detention Center.

In the petition, liberally construed, Lewis alleges that his right to due process is being violated because his attorney also represents a co-defendant and that the amount of his bond is excessive.  He also requests that this court review the evidence against him and the statement given by him at the time of his arrest.

A claim that the amount of bond violates the Eighth Amendment may be brought pursuant to § 2241.  *See Simon v. Woodson*, 454 F.2d 161, 164-65.  However, relief under § 2241 for any claim is available only where the petitioner has exhausted all

means of obtaining relief in the state courts.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92; *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  In his motion, Respondent argues that Lewis has failed to exhaust his state court remedies as to his claim of excessive bond .

The documents submitted with Respondent's motion indicate that on September 21, 2017, Lewis's attorney filed in the state trial court a petition for writ of habeas corpus in which he alleged that the amount of Lewis's bond is excessive.  [6-6].  On October 18, 2017, Lewis filed in the state trial court a *pro se* petition for writ of habeas corpus, seeking, *inter alia*, a reduction in bond.  [6-8].  Respondent states in his motion that as of the date of the motion's filing, January 9, 2018, both of these habeas petitions remained pending in the Circuit Court of Lauderdale County.  Furthermore, a review by the undersigned of the online docket of the Mississippi Supreme Court confirms that Lewis has not yet sought relief in the state's highest court.  For this reason, Lewis's claim of excessive bond is subject to dismissal for failure to exhaust his state court remedies.

The remaining grounds for relief in the petition concern the merits of the pending case against Lewis.  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 488-89 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)).  Lewis has not shown that this case involves any "special circumstances" such that interference in the state court action

2

would be warranted. Accordingly, the remaining claims fail to state a cognizable claim under § 2241.

For these reasons, the undersigned recommends that Lewis's claim of excessive bond be dismissed for failure to exhaust state remedies and that the remainder of his grounds for relief be dismissed with prejudice for failure to state a claim.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2018.

s/ F. Keith Ball<br>
United States Magistrate Judge